| | |
|---|---|
| 1 | SHOOK, HARDY & BACON L.L.P. |
| | Rachel A. Straus (SBN 268836) |
| 2 | rstraus@shb.com |
| | Saman M. Rejali (SBN 274517) |
| 3 | srejali@shb.com |
| | 2049 Century Park East, Suite 3000 |
| 4 | Los Angeles, California 90067 |
| | Telephone:   424.285.8330 |
| 5 | Facsimile:   424.204.9093 |
| 6 | Attorneys for Defendants |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND**

| | |
|---|---|
| ALEXANDER SISTI, individually and on behalf of all others similarly situated, | Case No. 4:25-cv-06614-YGR |
| Plaintiff, | Assigned to: |
| vs. | Hon. Yvonne Gonzalez Rogers |
| BOSLEY INC.; and BOSLEY MEDICAL GROUP, a medical corporation; | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |
| Defendants. | |
| | Date:      December 9, 2025 |
| | Time:     2 pm |
| | Place:    Ctrm 1 – 4th Floor |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

I.  **INTRODUCTION**

Defendants Bosley, Inc. and Bosley Medical Group (together, "Bosley") hereby request that this Court take judicial notice of the contents of Bosley's publicly-available website (the "Website") filed in support of Bosley's Motion to Dismiss, filed herewith.  Specifically, Bosley requests that the Court take notice of the following records:

- The "Scheduler" form on Bosley's Website, accessible at www.bosley.com/scheduler.  A true and correct copy of the Scheduler is excerpted and attached hereto as **Exhibit A**.
- Bosley's Terms of Use, accessible at www.bosley.com/terms-of-use.  A true and correct copy of the Terms of Use is attached hereto as **Exhibit B.**
- Bosley's Privacy Policy, accessible at www.bosley.com/privacy-policy.  A true and correct copy is attached hereto as **Exhibit C**.

II.  **Legal Standard and Discussion**

The Court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Alternatively, the Court may "consider materials that are submitted with and attached to the Complaint," as well as "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).  Additionally, a court need not "accept as true allegations that contradict matters properly subject to judicial notice" for purposes of a motion to dismiss.  *Ramachandran v. Best Best & Krieger*, No. 20-CV-03693-BLF, 2021 WL 428654, at *4 (N.D. Cal. Feb. 8, 2021) (granting request for judicial notice and motion to dismiss).

"[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party submits a copy of the relevant webpage to the court.  *Caldwell v. Caldwell*, No. 05-cv-04166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189–90 (N.D. Cal. 2019) (granting defendant's request for judicial notice of publicly available websites in CIPA and California constitution

invasion of privacy class action); *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025, 1031 (S.D. Cal. 2024) (granting request for judicial notice of four printouts of publicly available website pages because plaintiff's "characterization of the [website] feature form the basis of her lawsuit.") (internal quotations omitted).

The Court may take judicial notice of portions of Bosley's Website under Fed. R. Evid. 201(b)(2), as attached hereto as **Exhibits A-C**, namely: (1) a screenshot demonstrating the process of scheduling a hair transplant consultation, and surrounding disclaimer language; and (2) the policies publicly available on Bosley's Website, including Bosley's Privacy Policy and Terms of Use. Pursuant to Rule 201(b)(2), the contents of Bosley's website are "readily determined" by navigating to the Website, and Plaintiffs cannot "reasonably … question[]" the accuracy of Bosley's website. Fed. R. Evid. 201(b)(). Further, Plaintiff refers to Bosley's Website throughout his Complaint, and the Website is central to his claims, each of which is based on Bosley's alleged disclosure of information about Plaintiff's use of the Website to third parties.

The Court may consider Bosley's Website, as reflected in the exhibits attached hereto, and doing so will assist the Court in ruling on the issues before it.

### III. CONCLUSION

For the aforementioned reasons, Bosley respectfully requests that the Court take judicial notice of Exhibits A through C attached hereto.

Dated: October 20, 2025

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Saman M. Rejali*
    Rachel A. Straus
    Saman M. Rejali

Attorneys for Defendants
Bosley Inc. and Bosley Medical Group