SHOOK, HARDY & BACON L.L.P.
Rachel A. Straus (SBN 268836)
rstraus@shb.com
Saman M. Rejali (SBN 274517)
srejali@shb.com
2049 Century Park East, Suite 3000
Los Angeles, California 90067
Telephone: 424.285.8330
Facsimile: 424.204.9093

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SISTI, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BOSLEY INC.; and BOSLEY MEDICAL GROUP, a medical corporation;<br><br>  Defendants. | Case No. 2:25-cv-10669-JFW-DFM<br><br>Assigned to: Hon. John F. Walter<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Date: February 23, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 7A - 7th Floor |

## I. INTRODUCTION

Defendants Bosley, Inc. and Bosley Medical Group (together, "Bosley") hereby request that this Court take judicial notice of the contents of Bosley's publicly-available website (the "Website") filed in support of Bosley's Motion to Dismiss, filed herewith. Specifically, Bosley requests that the Court take notice of the following records:

- The "Scheduler" form on Bosley's Website, accessible at www.bosley.com/scheduler. A true and correct copy of the Scheduler is excerpted and attached hereto as **Exhibit A**.
- Bosley's Terms of Use, accessible at www.bosley.com/terms-of-use. A true and correct copy of the Terms of Use is attached hereto as **Exhibit B.**
- Bosley's Privacy Policy, accessible at www.bosley.com/privacy-policy. A true and correct copy is attached hereto as **Exhibit C**.

## II. Legal Standard and Discussion

The Court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Alternatively, the Court may "consider materials that are submitted with and attached to the Complaint," as well as "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Additionally, a court need not "accept as true allegations that contradict matters properly subject to judicial notice" for purposes of a motion to dismiss. *Ramachandran v. Best Best & Krieger*, No. 20-CV-03693-BLF, 2021 WL 428654, at *4 (N.D. Cal. Feb. 8, 2021) (granting request for judicial notice and motion to dismiss).

"[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party submits a copy of the relevant webpage to the

1  court. *Caldwell v. Caldwell*, No. 05-cv-04166-PJH, 2006 WL 618511, at *4 (N.D.
2  Cal. Mar. 13, 2006); *see also In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185,
3  189–90 (N.D. Cal. 2019) (granting defendant's request for judicial notice of publicly
4  available websites in CIPA and California constitution invasion of privacy class
5  action); *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025, 1031 (S.D. Cal. 2024)
6  (granting request for judicial notice of four printouts of publicly available website
7  pages because plaintiff's "characterization of the [website] feature form the basis of
8  her lawsuit.") (internal quotations omitted).

9　　　　The Court may take judicial notice of portions of Bosley's Website under Fed.
10 R. Evid. 201(b)(2), as attached hereto as **Exhibits A-C**, namely: (1) a screenshot
11 demonstrating the process of scheduling a hair transplant consultation, and
12 surrounding disclaimer language; and (2) the policies publicly available on Bosley's
13 Website, including Bosley's Privacy Policy and Terms of Use.  Pursuant to Rule
14 201(b)(2),the contents of Bosley's website are "readily determined" by navigating to
15 the Website, and Plaintiffs cannot "reasonably … question[]" the accuracy of
16 Bosley's website.  Fed. R. Evid. 201(b)().  Further, Plaintiff refers to Bosley's
17 Website throughout his Complaint, and the Website is central to his claims, each of
18 which is based on Bosley's alleged disclosure of information about Plaintiff's use of
19 the Website to third parties.

20　　　　The Court may consider Bosley's Website, as reflected in the exhibits attached
21 hereto, and doing so will assist the Court in ruling on the issues before it.

22 **III.   CONCLUSION**

23　　　　For the aforementioned reasons, Bosley respectfully requests that the Court
24 take judicial notice of Exhibits A through C attached hereto.

27 Dated: December 19, 2025　　　　　　　Respectfully submitted,

28　　　　　　　　　　　　　　　　　　　　**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Saman M. Rejali*
    RACHEL A. STRAUS
    SAMAN M. REJALI

Attorneys for Defendants
BOSLEY INC.; and
BOSLEY MEDICAL GROUP

## CERTIFICATE OF SERVICE

I, Saman M. Rejali, hereby certify that I served a true and correct copy of the foregoing on all parties of record via CM/ECF on December 19, 2025.